**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

O

**CIVIL MINUTES - GENERAL**

Case No. SACV 11-0427 DOC (MLGx)            Date: January 13, 2012
Title: LARRY SINGER -V- LIVE NATION WORLDWIDE, INC.

PRESENT:

THE HONORABLE DAVID O. CARTER, JUDGE

| Julie Barrera | Not Present |
|---|---|
| Courtroom Clerk | Court Reporter |

ATTORNEYS PRESENT FOR PLAINTIFFS: ATTORNEYS PRESENT FOR DEFENDANTS:

NONE PRESENT                            NONE PRESENT

PROCEEDING (IN CHAMBERS): ORDER DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

       Before the Court is Defendant Live Nation Worldwide's ("Live Nation") Motion for Summary Judgment or in the alternative, Motion for Summary Adjudication (Dkt. 9). The Court finds this matter appropriate for decision without oral argument. Fed. R. Civ. P. 78; L.R. 7-15. Accordingly, the matter is REMOVED from the Court's January 23, 2012 calendar.

       After considering the moving, opposing and reply papers, and for the reasons stated below, the Court hereby DENIES the motion.

## I. BACKGROUND

       Plaintiff Larry Singer, a quadriplegic who uses a wheelchair for mobility, filed this action against Live Nation after he was allegedly denied the opportunity to buy a $10 ticket to an Aerosmith concert. Singer asked for the $10 special ticket but was told that wheelchair accessible seating was in the orchestra section and he would have to pay $40. Singer seeks injunctive relief under the Americans with Disabilities Act ("ADA"), and also asserts related state law claims.

## II. LEGAL STANDARD

       Summary judgment is proper where there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). Summary judgment

may be granted where no "reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Material facts are those which, under applicable substantive law, may affect the outcome of the case. *Id.* In determining whether a genuine issue of material fact exists, the evidence must be construed in the light most favorable to the non-moving party. *Nelson v. City of Davis*, 571 F.3d 924, 928 (9th Cir. 2009). The Court must not weigh disputed evidence with respect to a disputed material fact, nor should it make credibility determinations regarding statements made in affidavits, answers to interrogatories, admissions, and/or depositions. *Id.* Those determinations are left for the jury. *Id.*

On a motion for summary judgment, the moving party "always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of [the evidence] which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). When the non-moving party bears the burden of proof at trial, the moving party need only "point[] out to the district court . . . that there is an absence of evidence to support the nonmoving party's case." *Id.* at 325. Once the summary judgment proponent has discharged its initial burden, the non-moving party must "go beyond the pleadings and by her own affidavits, or by [other evidence], designate 'specific facts showing that there is a genuine issue for trial.'" *Id.* at 324 (quoting then-current Fed. R. Civ. P. 56(e)).

### III.   DISCUSSION

Under Local Rule 7-3, "counsel contemplating the filing of any motion shall first contact opposing counsel to discuss thoroughly, *preferably in person*, the substance of the contemplated motion and any potential resolution." L.R. 7-3 (emphasis in original). The conference "shall take place at least ten (10) days prior to the filing of the motion." *Id.* If a resolution cannot be reached, the moving party shall state in its notice of motion the date on which the conference of counsel under Local Rule 7-3 took place. *Id.*

The Court finds that Defendant's counsel failed to comply with Local Rule 7-3. While Defendant's notice of motion states that the "motion is made following the conference of counsel pursuant to Local Rule 7-3", the date on which the conference of counsel took place, which is *required* under the Local Rule, is omitted. The declaration of Mark Potter in opposition to Defendant's motion suggests that the conference of counsel, in the form of a mailed and faxed letter, was initiated on December 19, 2011, *a mere three days* before the motion was filed. Although the Chilleen Reply Declaration suggests that the parties had ongoing discussions that should have put Plaintiff on notice that this motion was forthcoming, counsel does not provide any details regarding the dates or substance of these purported conversations. Moreover, "conversations about the merits of Plaintiff's claims" do not equate with discussions regarding a contemplated motion. Counsel also does not indicate than any such conversations were held in person, which, while not required, is *preferred* under the rule. Based on this record the Court cannot conclude that correspondence sent three days before the filing of the motion constitutes substantial compliance with Local Rule 7-3. While Defendant maintains it did not

know Plaintiff's counsel was on vacation during the holidays and Defendant was only trying to meet the Court's deadline for the last day for filing motions, it is Defendant who waited until the final hour during the holidays to file its motion for summary judgment. The attempted in-writing "conference" of counsel is insufficient under these circumstances. The fact that both counsel have dealt with each other in prior ADA litigation, which led Defendant to assume what Plaintiff's response to the contemplated motion would be, does not excuse Defendant from complying with Local Rule 7-3. Accordingly, the motion is DENIED for failure to comply with Local Rule 7-3.

## IV.    DISPOSITION

For the reasons set forth above, the Court hereby DENIES Defendant's Motion for Summary Judgment.

The Clerk shall serve this minute order on all parties to the action.